UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CISNEROS HERNANDEZ, | No. 1:26-cv-04299-DJC-CKD |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, et al., | A# 221-468-118 |
| Respondents. | |

Petitioner Ronald Cisneros Hernandez is an immigration detainee proceeding with a Petition for Writ of Habeas Corpus (ECF No. 1).  The Court has previously addressed the legal issues raised in Counts 1 and 2 of the Petition.  *See Morillo v. Albarran*, No. 1:25-cv-01533-DJC-AC, 2025 WL 3190899 (E.D. Cal. Nov. 15, 2025); *see also E.L.D.M. v. Becerra*, No. 1:25-cv-01906-DJC-JDP, 2025 WL 3707140 (E.D. Cal. Dec. 22, 2025).

Pursuant to 28 U.S.C. § 2243, the Court directed Respondents to file a return showing cause why the Court should not grant a writ of habeas corpus as to Counts 1 and 2 and identify any factual or legal issues in this case that distinguish it from the Court's prior orders.  (ECF No. 4.)  Respondents argue that this case is distinguishable from the Court's prior orders as Petitioner's present detention occurred in connection with Petitioner's arrest by state officials on criminal charges.  (ECF No. 6 at 1.)  This

1

does not alter the Court's analysis but justify providing a prompt post-deprivation hearing. *J.S.H.M. v. Wofford*, No. 1:25-cv-01309-JLT-SKO, 2025 WL 2938808, at *15 (E.D. Cal. Oct. 16, 2025).  Respondent also notes that Petitioner was ordered removed on May 20, 2026.  (ECF No. 6 at 1.)  However, Petitioner has since appealed that order meaning it is not final, and Petitioner is not subject to mandatory detention under section 1231.  As such, this does not constitute a material factual difference between this case and the Court's prior orders.

Accordingly, as Respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions cited above, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to Count 1 and 2, for the reasons stated in those prior orders.[1]

Within fourteen (14) days of this Order, Respondents shall afford Petitioner Ronald Cisneros Hernandez a constitutionally adequate bond hearing before an Immigration Judge.  The Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or risk of flight, and Petitioner shall be allowed to have counsel present.  If Petitioner is not provided a bond hearing in this time, Respondents are ordered to immediately release Petitioner from their custody.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.  This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:  **June 22, 2026**

*Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

---

[1] In the interests of judicial economy, the Court declines to address the remaining grounds for relief in the Petition.